UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00186-GNS-HBB

ROY ANDERSON CARVER, JR.                                                                PETITIONER

v.

COMMONWEALTH OF KENTUCKY
DEPARTMENT OF CORRECTIONS                                                          RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's Objections (DN 15) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R. & R.") (DN 14) recommending that his Petition for Writ of Habeas Corpus (DN 1) be denied. For the reasons below, the objections are **OVERRULED**, the R. & R. is **ADOPTED**, and the petition is **DENIED**.

### I.  SUMMARY OF THE FACTS

In 2017, Petitioner Roy Anderson Carver, Jr., ("Carver") entered a guilty plea to an amended charge of first-degree wanton endangerment arising out of a domestic dispute in Warren County, Kentucky. (Resp't's Resp. Pet. Ex. 1, at 1-5, DN 12-1 [hereinafter State Ct. R.]). On January 22, 2018, Carver was sentenced to two years imprisonment, probated for three years. (State Ct. R. 6-8). Carver did not appeal. (Pet. 2, DN 1). On June 10, 2019, Carver filed a motion to vacate the judgment pursuant to Ky. R. Crim. P. ("RCr") 11.42. (State Ct. R. 9-16). The Warren Circuit Court denied the motion on January 6, 2020. (Pet. 2). Carver did not appeal. (Pet. 2).

On November 4, 2020, Carver filed his Petition for Writ of Habeas Corpus in this Court. (Pet.). Respondent Kentucky Department of Corrections filed a limited response, maintaining that Carver's Petition was untimely. (Resp't's Resp. Pet., DN 12).

The United States Magistrate Judge issued an R. & R. and concluded that Carver's Petition was untimely. (R. & R. 5, DN 14). The Magistrate Judge explained that the limitation period in 28 U.S.C. § 2244(d) began running on February 26, 2018, and thus expired on February 26, 2019. (R. & R. 4-5). Carver's filings occurred outside that period. (R. & R. 5). The Magistrate Judge also considered whether equitable tolling applied but found that Carver had not identified any extraordinary circumstance preventing him from timely filing his Petition. (R. & R. 5-6). Therefore, the Magistrate Judge recommended the dismissal of the Petition. (R. & R. 7).

Carver filed an objection to the R. & R., claiming that he timely filed his RCr 11.42 under Kentucky's three-year limitations period and the failure to consider his Petition demonstrates a conflict between RCr 11.42 and 28 U.S.C. § 2244(d). (Pet'r's Obj., DN 15).

## II.   JURISDICTION

The Court has jurisdiction to entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court pursuant to 28 U.S.C. § 2254.

## III.   STANDARD OF REVIEW

This Court reviews *de novo* the portions of the R. & R. to which an objection is raised, and this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## IV.   DISCUSSION

The relevant part of 28 U.S.C. § 2244 provides a one-year limitations period on applications for writs of habeas corpus regarding state court judgments, beginning on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Since Carver did not pursue a direct appeal, the Magistrate Judge correctly concluded that the limitations period began on February 26,

2018—thirty days (and the weekend, *see* KRS 446.030) after Carver's Judgment and Sentence were entered, and after the time limitation to appeal had elapsed—and expired on February 26, 2019. (R. & R. 4); *see* Ky. R. Crim. P. 12.04(3). Carver filed his RCr 11.42 motion on June 10, 2019, and his Petition on November 4, 2020, long after the limitations period expired. (R. & R. 4-5).

Because the statute of limitations is not jurisdictional, it is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010). This doctrine should be applied "sparingly," however, and Carver "bears the burden of demonstrating that he is entitled to equitable tolling." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citation omitted). Carver must prove that he diligently pursued his rights and that some extraordinary circumstances prevented him from timely filing his petition. *See Holland*, 560 U.S. at 649.

The Magistrate Judge concluded Carver made generalized claims of diligence but failed to identify any extraordinary circumstance to merit equitable tolling. (R. & R. 6). The Court agrees that Carver fails to demonstrate an extraordinary circumstance which prevented his timely filing. Even then, Carver's allegations of a conflict between the limitations period are unavailing. *See Adams v. Smith*, No. 3:16CV-P3-JHM, 2016 U.S. Dist. LEXIS 169110, at *6-7 (W.D. Ky. Dec. 7, 2016) ("While Petitioner's RCr 11.42 motion may have been 'properly filed,' [as it was filed within the three-year limitations period,] it was not 'pending' during the one-year period for filing a federal habeas action."); *Hart v. Webb*, No. 5:07CV-P28-R, 2007 U.S. Dist. LEXIS 93156, at *6 (W.D. Ky. Dec. 19, 2007) (same); *cf. Bell v. Indiana*, No. 5:14CV-P224-TBR, 2015 U.S. Dist. LEXIS 23275, at *6-7 (W.D. Ky. Feb. 26, 2015); *see also Thompson v. Chandler*, 55 F. App'x 758, 759 (6th Cir. 2003) (rejecting that RCr 11.42(10) and Section 2244(d) conflict when the one-year period expired before filing the RCr 11.42 motion, and "any lapse of time before a state

application is properly filed will be counted against the one-year limitations period." (citation omitted)). Therefore, Carver's objections are overruled.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court established a two-prong test to determine whether a certificate of appealability should be issued when a petition for writ of habeas corpus is denied on procedural grounds. *See id.* at 484-85. The petitioner must show that: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Because Carver's petition is time-barred and not subject to equitable tolling, no reasonable jurists would find this Court's determination debatable or incorrect. Accordingly, Carver is not entitled to a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 14) is **ADOPTED**.

2. Petitioner's Objections (DN 15) are **OVERRULED**.

3. The Petition for Writ of Habeas Corpus (DN 1) is **DENIED**.

4. A certificate of appealability is **DENIED**.

5. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

March 29, 2023

cc: counsel of record
Roy Anderson Carver, Jr., *pro se*